**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANGELO BOLOGNA,

    Plaintiff,

vs.                                                                         Case No. 3:10-cv-721-J-32TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**<u>ORDER</u>**

      This case is before the Court on Richard A. Culbertson's Uncontested Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 26). Plaintiff's counsel (Petitioner), obtained a sentence six remand/reversal of denial of benefits for his client in this social security appeal, (<u>see</u> Doc. 13, Order reversing and remanding case to Commissioner). Upon remand, the Commissioner issued a decision favorable to Plaintiff and found he was entitled to past due benefits. Doc. 20, Ex. 1. Pursuant to 42 U.S.C. § 406(b), the Commissioner set aside in escrow 25% of Plaintiff's past due award ($13,117.75) for possible payment of attorney's fees. <u>Id.</u>

      In his motion, Culbertson petitions for a fee of $7,782.82. However, the Court previously ordered Petitioner to clarify a portion of his motion (Doc. 27) and in Petitioner's response to that Order (Doc. 28) he states that since filing his original motion he has

received § 406(a) fees in the amount of $6,000.00. Accordingly, Petitioner amends his previous motion to reflect that change and now seeks a § 406(b) fee of $7,117.75.

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for her client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002) (citations omitted). "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. The Court's § 406(b) reasonableness analysis is not meant to supplant the continency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in social security cases. Id. at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee. Id. at 808. Other key considerations include the character of the representation and the results the representation achieved. Id. For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee. Id.

The Court has considered the parties' fee agreement, the character and quality of Plaintiff's counsel representation, and the result achieved for Plaintiff and finds that the fee requested is "reasonable for the service rendered." Gisbrecht, 535 U.S. at 807.

Finally, to prevent "double-dipping" the Court usually directs a petitioner to either

refund the EAJA award to Plaintiff upon receipt of the 406(b) award, or alternatively, the Court may deduct that sum from Petitioner's recovery. In this instance, the Court will deduct Petitioner's EAJA award of $5,337.62[1] from Petitioner's recovery. Consequently, the amount of $5,337.62 is deducted from Petitioner's award of $7,117.75, and his award is reduced to $1,780.13.

Accordingly, it is hereby

**ORDERED:**

Richard A. Culbertson's petition for an award of attorney fees under 42 U.S.C. § 406(b) (Doc. 26) is **GRANTED**. The Court finds that a reasonable attorney's fee for Plaintiff's counsel, Richard A. Culbertson, for representation of Plaintiff in this case is **$ 1,780.13**. **The Commissioner shall now pay Richard A. Culbertson the sum of $ 1,780.13 from the past-due benefits being held in escrow in this case.** The Commissioner shall refund the remainder of the escrowed past-due benefits to Plaintiff. The Clerk shall enter Judgment accordingly and close the file.

**DONE and ORDERED** in Jacksonville, Florida this 8th day of May, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

---

[1] In his motion, Petitioner states that he received an EAJA award of $5,334.93. Upon review of the relevant records, however, it appears that Petitioner received $3,578.67 in the original action and $1,758.95 in the current appeal. Case No.:3:08-cv-525-J-32TEM, Doc. 22; Case No.: 3:10-cv-721-J-32TEM, Doc. 24. The sum of these two awards equals $5,337.62.

kh.
Copies to:
Richard A. Culbertson, Esq.
John F. Rudy, III, Esq. (AUSA-Tampa)